## Pulaski Mutual Fire Ins. Co. v. Dawson & Boatman.

1. INSURANCE—*Payment of Premium to Agents.*—A payment of a premium to an agent is a sufficient payment to the company, under a policy providing that if the payment is not made into the home office within thirty days after the date of the policy it shall be void and of no effect.

Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

DAVID, SMULSKI & McGAFFEY, attorneys for appellant.

VAN SELLAR & SHEPHERD, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit by appellees against appellant upon a policy of insurance. The case was tried in the Circuit Court of Edgar County by the court, the parties having waived a jury. The court found for appellees and gave judgment in their favor for $500, to reverse which this appeal is prosecuted.

By the terms of the policy sued upon, appellant, in consideration of the stipulations therein contained, and of $12.50 premium, insured the appellees from June 30, 1898, to June 30, 1899, against all loss or damages by fire to an amount not to exceed $500, to their certain barn and the contents thereof, situated in Paris, Illinois.

The policy, among other things, provided that the premium must be paid when the policy is delivered, and if not paid then, nor into the home office within thirty days after the date thereof, it should be void and of no effect. The policy was procured by appellees from one Shepherd, who lived at Paris, Illinois, and represented five insurance companies (appellant not being one of them) as their regular agent at that place. Appellees also lived at Paris, and were in the habit of procuring insurance on their property there from Shepherd. In the latter part of June, 1898, appellees applied to Shepherd to insure their barn and contents for $500 for one year, and in pursuance of that request he procured the policy in question, delivering same to them in the fore part of July, 1898. On July 30, 1898, appellees paid Shepherd the premium called for by the policy, and supposed the policy insured their property for the time specified therein.

On November 19, 1898, the barn and contents were destroyed by fire. At no time before the property was burned, did appellant inform appellees that the premium had not been received at the home office, or that the policy had been canceled for any cause.

The evidence shows that Shepherd, soon after he received the premium, sent it, less his commission, to a firm of insurance agents in Chicago, from whom he received the policy. Those agents procured this policy from one Brown, who was the general agent of appellant. The insurance agents in Chicago had a running account with Brown, and it is not clear from the evidence whether Brown in fact accounted with appellant for the premium on the policy in question or not. Appellant, knowing this fact, failed to offer any evidence whatsoever, but submitted the case on appellees' evidence and a stipulation that in case the appellant is liable to appellees upon the policy, then the amount of the recovery thereon shall be for $500.

Appellant's principal contention in this court is that there is not sufficient evidence in this record to warrant the finding made by the Circuit Court in favor of appellees; and for that reason the judgment of the Circuit Court ought to be reversed.

We think the evidence shows that Shepherd was the agent of appellant and not of appellees, and that when appellant suffered its policy to be sent to Shepherd, a regular insurance agent, to be delivered to appellees, it thereby authorized him to receive the premium therefor, and is bound by the payment thereof to him. Shepherd was not an insurance broker, but a regular insurance agent; hence the authorities cited by counsel for appellant, which hold that an insurance broker, when he procures insurance, is the agent of the insured, do not apply to the facts in this case. Had appellant desired to hold appellees to the strict terms of the policy in requiring the premiums to be actually received at its home office, in order to make the policy effective, then common justice and fairness requires it to notify appellees at the expiration of thirty days after the date of the policy, that such premium had not been so received, and the policy had been canceled on that account; and not having done so, appellant thereby waived it. Finding no reversible error in this record, we affirm the judgment appealed from in this case. Judgment affirmed.